ASSIGNMENT OF FRANK W. HOPKINS.

**Liability of Assignee for Rent of Premises Occupied in Continuing the Business.**

That a lessor of premises, occupied by an assignee for the benefit of creditors, together with the general creditors, signed an application for an order continuing the business, does not bar payment of rent by the assignee as part of the expense of administering the trust, since the lessor signed the application for a continuance of the business with the understanding that his claim for rent should not be affected thereby.

[Syllabus approved by the court.]

ERROR to common pleas court.

*R. P. Hargitt,* for plaintiff in error.
*Worthington & Strong,* for defendant in error.

## SMITH, P. J.

Under the evidence in the above case with the law applicable thereto, it is apparent that the assignee of Frank W. Hop-

Hamilton County.

kins, by reason of the order of the court of insolvency to carry on the business of the assignor and the acceptance of the lease of the real estate, as well as the estate, became liable for the rent agreed upon in the lease. This being so, to relieve himself from personal liability, he and the general creditors in two papers ask the court of insolvency to order the continuance of the business and at the same time relieve him from all personal liability by reason of his conducting the same; and they agreed that so far as they were concerned he should be so released. He continued in the possession of the leased premises as assignee for a certain period, and there is no doubt that the rent for the use of the same was an expense attendant upon the continuation of the business, and should be paid as such by the assignee in administering the trust estate, unless the lessors have waived such order or claim.

In this regard we find nothing in the paper signed by the agent of the lessors of the real estate, that in any way indicates such a waiver or agreement. The testimony on this point, and which we think was competent, distinctly shows that the application of the creditors to continue the business was signed by the agent of the lessors upon the understanding that their claim for rent should not be affected thereby, and that the object of the application was solely to relieve the assignee from personal liability for debts incurred by him in the running of the hotel.

For the above reasons the judgment below is affirmed.

**Swing** and **Jones, JJ.,** concur.